IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **SHARON L. HANIUK,** | 09-CV-6094-BR |
| Plaintiff, | **OPINION AND ORDER** |
| v. | |
| **MICHAEL J. ASTRUE,** Commissioner of Social Security, | |
| Defendant. | |

**KATHRYN TASSINARI**
**BRENT WELLS**
Harder Wells Baron & Manning, PC
474 Willamette Street
Suite 200
Eugene, OR 97401
(541) 343-4527

      Attorneys for Plaintiff

1 - OPINION AND ORDER

**DWIGHT C. HOLTON**
United States Attorney
**ADRIAN L. BROWN**
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR  97204-2902
(503) 727-1053

**DAVID MORADO**
Regional Chief Counsel
**KATHRYN ANN MILLER**
Special Assistant United States Attorney
Social Security Administration
701 5th Avenue, Suite 2900, M/S 901
Seattle, WA  98104
(206) 615-2240

          Attorneys for Defendant

**BROWN, Judge.**

Plaintiff Sharon L. Haniuk seeks judicial review of a final decision of the Commissioner of the Social Security Administration (SSA) in which he denied Plaintiff's application for Disability Insurance Benefits (DIB) under Title II of the Social Security Act.  This Court has jurisdiction to review the Commissioner's final decision pursuant to 42 U.S.C. § 405(g).

For the reasons that follow, the Court **REVERSES** the decision of the Commissioner and **REMANDS** this matter pursuant to sentence four of 42 U.S.C. § 405(g) for further administrative proceedings consistent with this Opinion and Order.

## ADMINISTRATIVE HISTORY

Plaintiff filed an application for DIB on May 5, 2006,

2 - OPINION AND ORDER

alleging a disability onset date of September 25, 2004. Tr. 79-81.[1] The application was denied initially and on reconsideration. An Administrative Law Judge (ALJ) held a hearing on April 15, 2008. Tr. 20-47. At the hearing, Plaintiff was represented by an attorney. Plaintiff and a vocational expert (VE) testified.

The ALJ issued a decision on May 28, 2008, in which he found Plaintiff is not disabled and, therefore, is not entitled to benefits. Tr. 14-24. Pursuant to 20 C.F.R. § 404.984(d), that decision became the final decision of the Commissioner on February 6, 2009, when the Appeals Council denied Plaintiff's request for review.

## BACKGROUND

Plaintiff was born on February 2, 1961, and was 47 years old at the time of the hearing. Tr. 49. Plaintiff completed college. Tr. 28. Plaintiff has past relevant work experience as a greenskeeper and park aide. Tr. 17.

Plaintiff alleges disability due to "orthopedic disorders/PTSD." Tr. 105.

Except when noted, Plaintiff does not challenge the ALJ's summary of the medical evidence. After carefully reviewing the

---

[1] Citations to the official transcript of record filed by the Commissioner on October 28, 2009, are referred to as "Tr."

3 - OPINION AND ORDER

medical records, this Court adopts the ALJ's summary of the medical evidence.  *See* Tr. 11-13.

## **STANDARDS**

The initial burden of proof rests on the claimant to establish disability.  *Ukolov v. Barnhart*, 420 F.3d 1002, 1004 (9th Cir. 2005).  To meet this burden, a claimant must demonstrate her inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).  The Commissioner bears the burden of developing the record.  *Reed v. Massanari*, 270 F.3d 838, 841 (9th Cir. 2001).

The district court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g).  *See also Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004).  "Substantial evidence means more than a mere scintilla, but less than a preponderance, i.e., such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006)(internal quotations omitted).

The ALJ is responsible for determining credibility, resolving conflicts in the medical evidence, and resolving ambiguities. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001). The court must weigh all of the evidence whether it supports or detracts from the Commissioner's decision. *Robbins,* 466 F.3d at 882. The Commissioner's decision must be upheld even if the evidence is susceptible to more than one rational interpretation. *Webb v. Barnhart*, 433 F.3d 683, 689 (9th Cir. 2005). The court may not substitute its judgment for that of the Commissioner. *Widmark v. Barnhart*, 454 F.3d 1063, 1070 (9th Cir. 2006).

## DISABILITY ANALYSIS

### I. The Regulatory Sequential Evaluation

The Commissioner has developed a five-step sequential inquiry to determine whether a claimant is disabled within the meaning of the Act. *Parra v. Astrue*, 481 F.3d 742, 746 (9th Cir. 2007). *See also* 20 C.F.R. § 404.1520. Each step is potentially dispositive.

In Step One, the claimant is not disabled if the Commissioner determines the claimant is engaged in substantial gainful activity. *Stout v. Comm'r Soc. Sec. Admin.*, 454 F.3d 1050, 1052 (9th Cir. 2006). *See also* 20 C.F.R. § 404.1520(a)(4)(I).

5 - OPINION AND ORDER

In Step Two, the claimant is not disabled if the Commissioner determines the claimant does not have any medically severe impairment or combination of impairments. *Stout*, 454 F.3d at 1052. *See also* 20 C.F.R. § 404.1520(a)(4)(ii).

In Step Three, the claimant is disabled if the Commissioner determines the claimant's impairments meet or equal one of a number of listed impairments that the Commissioner acknowledges are so severe as to preclude substantial gainful activity. *Stout*, 454 F.3d at 1052. *See also* 20 C.F.R. § 404.1520(a)(4)(iii). The criteria for the listed impairments, known as Listings, are enumerated in 20 C.F.R. part 404, subpart P, appendix 1 (Listed Impairments).

If the Commissioner proceeds beyond Step Three, he must assess the claimant's RFC. The claimant's RFC is an assessment of the sustained, work-related physical and mental activities the claimant can still do on a regular and continuing basis despite his limitations. 20 C.F.R. § 404.1520(e). *See also* Soc. Sec. Ruling (SSR) 96-8p. A "'regular and continuing basis' means 8 hours a day, for 5 days a week, or an equivalent schedule." SSR 96-8p, at *1. In other words, the Social Security Act does not require complete incapacity to be disabled. *Smolen v. Chater*, 80 F.3d 1273, 1284 n.7 (9th Cir. 1996). The assessment of a claimant's RFC is at the heart of Steps Four and Five of the sequential analysis engaged in by the ALJ when determining

6 - OPINION AND ORDER

whether a claimant can still work despite severe medical impairments. An improper evaluation of the claimant's ability to perform specific work-related functions "could make the difference between a finding of 'disabled' and 'not disabled.'" SSR 96-8p, at *4.

In Step Four, the claimant is not disabled if the Commissioner determines the claimant retains the RFC to perform work she has done in the past. *Stout*, 454 F.3d at 1052. *See also* 20 C.F.R. § 404.1520(a)(4)(iv).

If the Commissioner reaches Step Five, he must determine whether the claimant is able to do any other work that exists in the national economy. *Stout*, 454 F.3d at 1052. *See also* 20 C.F.R. § 404.1520(a)(4)(v). Here the burden shifts to the Commissioner to show a significant number of jobs exist in the national economy that the claimant can do. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). The Commissioner may satisfy this burden through the testimony of a VE or by reference to the Medical-Vocational Guidelines set forth in the regulations at 20 C.F.R. part 404, subpart P, appendix 2. If the Commissioner meets this burden, the claimant is not disabled. 20 C.F.R. § 404.1520(g)(1).

## **ALJ'S FINDINGS**

At Step One, the ALJ found Plaintiff had not engaged in

7 - OPINION AND ORDER

substantial gainful activity since September 25, 2004.  Tr. 11.

At Step Two, the ALJ found Plaintiff has the severe impairments of traumatic arthritis of the hips and right ankle and an anxiety disorder.  Tr. 11.

At Step Three, the ALJ concluded Plaintiff's medically determinable impairments do not meet or medically equal one of the listed impairments in 20 C.F.R. part 404, subpart P, appendix 1.  Tr. 13.  The ALJ found Plaintiff has the RFC to lift and/or to carry 20 pounds occasionally and 10 pounds frequently; to stand and/or to walk six hours in an eight-hour work day; to sit six hours in an eight-hour work day; and to crawl, to climb, to stoop, to crouch, and to kneel occasionally.  Tr. 14.  The ALJ found Plaintiff has the ability to understand, to remember, and to carry out "short simple routine tasks [but] more detailed instructions are difficult due to pain and effects of medication."  Tr. 14.  The ALJ found Plaintiff "should avoid public contact and would perform best in a position not requiring close co-worker cooperation."  Tr. 14.

At Step Four, the ALJ found Plaintiff is not capable of performing her past relevant work.  Tr. 17.

At Step Five, the ALJ found Plaintiff could perform jobs that exist in significant numbers in the national economy.  Tr. 18.  Accordingly, the ALJ found Plaintiff is not disabled.

8 - OPINION AND ORDER

**DISCUSSION**

Plaintiff contends the ALJ erred when he (1) improperly rejected Plaintiff's testimony, (2) improperly rejected the opinions of Plaintiff's treating and examining physicians, and (3) failed to give full credit to the Veteran's Affairs (VA) award of disability.

**I.  The ALJ did not err when he rejected Plaintiff's testimony as to the intensity, persistence, and limiting effects of her impairments.**

Plaintiff alleges the ALJ erred when he failed to provide clear and convincing reasons for rejecting Plaintiff's testimony as to the intensity, persistence, and limiting effects of her impairments.

In *Cotton v. Bowen,* the Ninth Circuit established two requirements for a claimant to present credible symptom testimony:  The claimant must produce objective medical evidence of an impairment or impairments, and she must show the impairment or combination of impairments could reasonably be expected to produce some degree of symptom.  *Cotton*, 799 F.2d 1403, 1407 (9th Cir. 1986).  The claimant, however, need not produce objective medical evidence of the actual symptoms or their severity.  *Smolen*, 80 F.3d at 1284.

If the claimant satisfies the above test and there is not any affirmative evidence of malingering, the ALJ can reject the claimant's pain testimony only if he provides clear and

9 - OPINION AND ORDER

convincing reasons for doing so. *Parra v. Astrue,* 481 F.3d 742, 750 (9th Cir. 2007)(citing *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995)). General assertions that the claimant's testimony is not credible are insufficient. *Id*. The ALJ must identify "what testimony is not credible and what evidence undermines the claimant's complaints." *Id*. (quoting *Lester*, 81 F.3d at 834).

The ALJ found Plaintiff's medically determinable impairments reasonably could be "expected to produce some of the alleged symptoms; however, [Plaintiff's] statements concerning the intensity, persistence and limiting effects of these symptoms are not credible." Tr. 15. The ALJ noted although Plaintiff alleged she performed few household chores, the record reflects she lives alone and is able to care for herself and her two dogs, to prepare meals, and to use a computer. Tr. 15. In addition, the ALJ noted Plaintiff alleges she does not have any friends, but she testified she emails friends and family in California; Seattle, Washington; and "back east." Tr. 15. The ALJ also noted even though Plaintiff alleges she suffers from Post-Traumatic Stress Disorder (PTSD) due to a motor-vehicle accident, she drove two hours a day, five days a week, to attend classes. Tr. 16. Finally, the ALJ pointed out that David Clinger, M.D., noted during an August 3, 2006, examination of Plaintiff that she had

> an abnormal gait with walking in small choppy
> steps and barely lifting her feet off the floor,

10 - OPINION AND ORDER

>  often dragging her heels along the carpet.  I have
>  never observed this kind of gait before and the
>  mechanical explanations for this type of gait do
>  not fit into an patterns of abnormal gait that I
>  have studied.
>
>                          * * *
>
>  [Plaintiff, however,] showed no abnormal shoe
>  wear, breakdown or callosities indicating abnormal
>  weight bearing.

Tr. 16, 471-72.  Based on the foregoing, the ALJ found Plaintiff "may have exaggerated her alleged symptoms or capacities."  Tr. 16.

On this record, the Court concludes the ALJ did not err when he rejected Plaintiff's testimony as to the intensity, persistence, and limiting effects of her impairments because the ALJ provided legally sufficient reasons supported by the record for doing so.

**II.  The ALJ erred when he rejecting the opinions of Plaintiff's examining and treating physicians**.

Plaintiff contends the ALJ erred when he failed to address the opinion of Rex W. Turner, Ph.D., treating physician, that Plaintiff suffers from PTSD and, as a result is "more probably than not, unemployable and socially phobic."  Tr. 224.  Plaintiff also contends the ALJ erred when he failed to address the opinion of William B. Mitchell, M.D., examining physician, that Plaintiff was limited in her ability to walk and that Plaintiff could perform few jobs "due to limitations in sitting, standing, stooping, or driving."  Tr. 259.

11 - OPINION AND ORDER

An ALJ may reject an examining or treating physician's opinion when it is inconsistent with the opinions of other treating or examining physicians if the ALJ makes "findings setting forth specific, legitimate reasons for doing so that are based on substantial evidence in the record." *Thomas*, 278 F.3d at 957 (quoting *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989)). When the medical opinion of an examining or treating physician is uncontroverted, however, the ALJ must give "clear and convincing reasons" for rejecting it. *Thomas*, 278 F.3d at 957. *See also Lester v. Chater*, 81 F.3d 821, 830-32.

A nonexamining physician is one who neither examines nor treats the claimant. *Lester*, 81 F.3d at 830. "The opinion of a nonexamining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician or a treating physician." *Id.* at 831. When a nonexamining physician's opinion contradicts an examining physician's opinion and the ALJ gives greater weight to the nonexamining physician's opinion, the ALJ must articulate his reasons for doing so. *See, e.g.*, *Morgan v. Comm'r of Soc. Sec. Admin*, 169 F.3d 595, 600-01 (9th Cir. 1999). A nonexamining physician's opinion can constitute substantial evidence if it is supported by other evidence in the record. *Id.* at 600.

The ALJ obliquely mentioned Dr. Turner's evaluation, but he did not mention Dr. Turner by name and did not address

12 - OPINION AND ORDER

Dr. Turner's opinion as to Plaintiff's PTSD and concomitant inability to work.  The ALJ also did not address Dr. Mitchell's opinion as to Plaintiff's limited ability to stand and to walk, and, in fact, appears to have implicitly rejected that part of Dr. Mitchell's opinion based on the ALJ's finding that Plaintiff was able to walk and to stand up to six hours in an eight-hour day.  Although the Commissioner in his Response to Plaintiff's Complaint has provided reasons that the ALJ might have relied on to reject the opinions of Drs. Turner and Mitchell, the ALJ did not assert those reasons in his opinion.  The Court "cannot affirm the decision of an agency on a ground that the agency did not invoke in making its decision."  *Stout v. Comm'r*, 454 F.3d 1050, 1054 (9th Cir. 2006)(citation omitted).

On this record, the Court finds the ALJ erred when he rejected or failed to address the opinions of Drs. Turner and Mitchell because the ALJ did not provide legally sufficient reasons supported by substantial evidence in the record for doing so.

**III. The ALJ erred when he rejected the VA's disability rating.**

Plaintiff contends the ALJ erred when he rejected the VA's disability rating.  The Court agrees.

On May 12, 2006, the VA rated Plaintiff's service-connected

13 - OPINION AND ORDER

disability at 100%[2] and granted Plaintiff individual unemployability benefits.  In its Rating Decision, the VA stated "[e]ntitlement to individual unemployability is granted . . . because [Plaintiff is] unable to secure or follow a substantially gainful occupation as a result of service-connected disabilities."  Tr. 322.

In *McCartey v. Massanari*, the Ninth Circuit held an ALJ in a Social Security disability case ordinarily must give "great weight" to a VA rating because "of the marked similarity between these two federal programs."  298 F.3d 1072, 1076 (9th Cir. 2002).  "Both programs serve the same governmental purpose - - providing benefits to those unable to work because of a serious disability.  Both programs evaluate a claimant's ability to perform full-time work in the national economy on a sustained and continuing basis; both focus on analyzing a claimant's functional limitations; and both require claimants to present extensive medical documentation in support of their claims."  *Id.*  An ALJ may give less weight to a VA disability rating, however, if he "gives persuasive, specific, valid reasons for doing so that are supported by the record."  *Id.*

Although the ALJ cited *McCartey* in her opinion, the ALJ,

---

[2] The VA found Plaintiff's PTSD to be 70% disabling, her chronic lumbar muscle strain to be 20% disabling, her acne to be 10% disabling, and her tensynovitis of the right finger to be 10% disabling.  The Court notes these findings add up to a disability of 110%.

14 - OPINION AND ORDER

nonetheless, rejected the VA's disability decision because the VA determination "was largely based" on Plaintiff's alleged mental impairments.  The ALJ noted:  (1) Plaintiff's last work attempt ended due to her lack of ability to use a chain saw, and "there is no evidence that [Plaintiff] has lost any jobs due to inability to get along with others"; (2) Plaintiff is taking only .5 milligrams of lorazepam; and (3) Plaintiff's "counseling has only been recent."  The record, however, does not reflect whether .5 milligrams of lorazepam is a large or small amount.  In addition, the record reflects Plaintiff had attended counseling with Linda Clausen, a licensed clinical social worker, for approximately eight years at the time of the hearing before the ALJ, and, therefore, her counseling was not "only recent."

On this record, the Court concludes the ALJ erred when he rejected the VA's disability determination because he did not provide legally sufficient reasons supported by substantial evidence on the record for doing so.

## REMAND

Having found the ALJ erred, the Court must determine whether to remand this matter for further proceedings or to remand for calculation of benefits.  The Ninth Circuit has established a three-part test "for determining when evidence should be credited and an immediate award of benefits directed."  *Harman v. Apfel*,

15 - OPINION AND ORDER

211 F.3d 1172, 1178 (9th Cir. 2000). The court should grant an immediate award of benefits when:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting such evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

*Id.* The second and third prongs of the test often merge into a single question: Whether the ALJ would have to award benefits if the case were remanded for further proceedings. *Id.* at 1178 n.2. The decision whether to remand for further proceedings or for immediate payment of benefits generally turns on the likely utility of further proceedings. *Id.* at 1179. The court may "direct an award of benefits where the record has been fully developed and where further administrative proceedings would serve no useful purpose." *Smolen*, 80 F.3d at 1292.

Here the Court finds additional proceedings are necessary to allow the ALJ to consider the opinions of Drs. Turner and Mitchell as to the severity of Plaintiff's symptoms and to reevaluate the VA's finding as to Plaintiff's unemployability.

Accordingly, the Court concludes on this record that remand for further proceedings is necessary.

## CONCLUSION

For these reasons, the Court **REVERSES** the decision of the

16 - OPINION AND ORDER

Commissioner and **REMANDS** this matter pursuant to sentence four of 42 U.S.C. § 405(g) for further administrative proceedings consistent with this Opinion and Order.

IT IS SO ORDERED.

DATED this 27th day of May, 2010.

/s/ Anna J. Brown

ANNA J. BROWN
United States District Judge

17 - OPINION AND ORDER